**THE STROJNIK FIRM LLC**
ATTORNEYS AT LAW
SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

PETER K. STROJNIK, ESQ.
AZBN 026082 CABN 242728
strojnik@skplaw.com

Attorney for Plaintiff Kristie Gallagher

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kristie Gallagher, a single woman, ) | NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| ICC Collision Centers, Inc., an Arizona ) | |
| corporation; ICC Collision Center- ) | **(JURY TRIAL DEMANDED)** |
| Surprise, Inc., an Arizona corporation,, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, by and through counsel, for her Complaint against Defendants, alleges:

### JURISDICTION AND VENUE

1.    This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq. ("Title VII").

2.    Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e (f) and (g).

3.      Plaintiff filed a charge of sex discrimination against Defendants with the Equal Employment Opportunity Commission (hereinafter "EEOC).

4.      On or about May 13, 2011, the EEOC issued a Notice of Right to Sue to Plaintiff.

5.      Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII.  This Court has jurisdiction under §706(f)(3) of Title VII, 42 U.S.C. §20003-5(f)(3).

6.      The unlawful employment practices complained of herein occurred within Maricopa County and therefore venue is proper in this District Court.

## PARTIES

7.      Plaintiff is a single woman who currently resides in Maricopa County, Arizona.

8.      Defendants ICC Collision Centers, Inc. and ICC Collision Center-Surprise, Inc. are Arizona corporations authorized and doing business in Maricopa County, Arizona and are employers and/or vicariously liable for the acts of each other under Title VII because all acts taken by Plaintiff's supervisor and co-workers were within the course and scope of their employment.

## FACTUAL BACKGROUND

9.      Defendants operate an auto body repair shop in Maricopa County, Arizona and in other Phoenix metropolitan areas.

10.     Plaintiff began her employment with Defendants on or around February 21, 2010 as a receptionist.   During the entirety of Plaintiff's employment with Defendants, the male to female employee ratio was 13:2.  The only two females in the office were Plaintiff and her direct supervisor and officer manager, Stacy Barnes.

11.    Plaintiff reported to her supervisor Barnes who is employed by Defendants, and Plaintiff consistently received positive feedback concerning her job performance.

12.    During Plaintiff's employment, Defendants' employee John Escobedo, who was a painter of vehicles repaired at the shop, began a daily pattern of unwanted sexual advances on Plaintiff for the remainder of her employment.  Escobedo would make daily sexual statements to Plaintiff indicating that he wanted to have sexual intercourse with her, that he would pay her a sum of money to have her perform fellatio on him, that he would position Plaintiff's body in a certain manner if they were to have sexual intercourse, and similar comments.

13.    During these daily sexual advances, Escobedo would repeatedly physically touch Plaintiff in an intimate manner without Plaintiff's consent, and put his face unusually close to Plaintiff's as though he were attempting to kiss her.  Escobedo was a married man when he was making these advances.

14.    Plaintiff did not welcome Escobedo's sexual advances.

15.    Escobedo's daily unwanted sexual advances became progressively aggressive, which resulted in Plaintiff not only fearing for her safety and sexuality, but also made her ability to perform her job functions unbearably difficult that she began to cry daily as a result.

16.    Plaintiff asked Escobedo to stop his advances. He did not.

17.    Plaintiff then reported Escobedo's advances to her direct supervisor, Stacy Barnes, but Barnes refused to discipline or even discuss the matter with Escobedo.  Instead, Barnes insisted that if both of them (Plaintiff and Barnes) wanted to keep their jobs, they would have to keep quiet.

18.    Due to Barnes' unwillingness or inability to redress the advances and verbal assaults, Plaintiff began simply speaking out loud to anyone that would listen that she wanted the sexual harassment to stop.

19.    As a result of Plaintiff's repeated complaints, Defendants issued a written reprimand to Plaintiff.    Plaintiff refused to sign it at which point her employment was terminated.

## COUNT ONE

### (Violation of Title VII – Hostile Work Environment)

20.    By reference hereto, Plaintiff incorporates paragraphs 1-19.

21.    Defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII as a result of a discriminatory and hostile work environment created by her supervisor and co-workers.

22.    As a direct result of the hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

23.    The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive and exemplary damages.

## COUNT TWO

### (Violation of Title VII – Retaliation)

24.    By reference hereto, Plaintiff incorporates paragraphs 1-23.

25.     Defendants have retaliated against Plaintiff due to her reporting complaints of a hostile work environment by reprimanding Plaintiff and ultimately terminating her employment.

26.     As a direct result of the retaliatory action by Defendants, Plaintiff has suffered lost wages, lost promotional opportunities in the future, damage to her career, mental and emotional stress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

27.     The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive and exemplary damages.

WHEREFORE, Plaintiff demands Judgment against Defendants as follows:

1.  Declaring the acts and practices complained of herein are in violation of Title VII;

2.  Special damages to be proven at trial;

3.  General damages and compensatory damages to be proven at trial, including lost wages, front pay and the value of lost benefits, to be proven at trial;

4.  Punitive and Exemplary damages to be proven at time of trial;

5.  Prejudgment and post-judgment interest;

6.  Attorneys' fees and costs of suit;

7.  For such other relief this Court deems just.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

RESPECTFULLY SUBMITTED this 5th day of August, 2011.

**THE STROJNIK FIRM L.L.C.**

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik
Camelback Esplanade
2415 East Camelback Road
Suite 700
Phoenix, Arizona 85016
Attorney for Plaintiff Kristie Gallagher