**GUST ROSENFELD P.L.C.**
One E. Washington, Suite 1600
Phoenix, Arizona 85004-2553
Phone: (602) 257-7422
Facsimile: (602) 340-1538
James G. Speer – 003103
jspeer@gustlaw.com
Attorneys for Defendants ICC Collision Centers, Inc.; and
ICC Collision Center-Surprise, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kristie Gallagher, a single woman,<br><br>             Plaintiff,<br><br>             v.<br><br>ICC Collision Centers, Inc., an Arizona corporation; ICC Collision Center-Surprise, Inc., an Arizona corporation,<br><br>             Defendants. | Case No. 2:11-cv-01542-PGR<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants ICC Collision Centers, Inc. ("ICC") and ICC Collision Center-Surprise, Inc. ("ICC Surprise") (collectively, "Defendants") allege as follows in answer to the complaint filed by Plaintiff Kristie Gallagher ("Plaintiff").

## JURISDICTION AND VENUE

1.    Defendants deny that there exist any grounds upon which to bring this action, and accordingly deny the allegations in paragraph 1.

2.    Defendants deny that any relief sought by Plaintiff is well-founded or appropriate, and accordingly deny the allegations in paragraph 2.

3.    Defendants deny the allegations in paragraph 3 in that no charge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") against ICC Surprise.

4. Answering paragraph 4, Defendants deny that Plaintiff was issued a right to sue ICC Surprise as implied by Plaintiff.

5. Defendants deny the allegations in paragraph 5, particularly with respect to ICC Surprise.

6. Answering paragraph 6, Defendants deny that any unlawful employment practices occurred for which Plaintiff has a cause of action against either ICC or ICC Surprise.

## PARTIES

7. Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 7.

8. Answering paragraph 8, Defendants admit that they are Arizona corporations and deny the remaining allegations in that paragraph.

## FACTUAL BACKGROUND

9. Answering paragraph 9, Defendants admit that an auto body repair shop is operated in Maricopa County, Arizona and allege that the remaining allegations in paragraph 9 are unduly vague.

10. Defendants affirmatively allege that Plaintiff was never an employee of ICC Surprise and accordingly deny the allegations in paragraph 10.

11. Answering paragraph 11, Defendants admit that Plaintiff was at one time employed by ICC and had a supervisor named Barnes. Defendants deny the remaining allegations of that paragraph.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Based upon their answers to paragraphs 12 and 13, Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Answering paragraph 16, Defendants deny any alleged advances by Escobedo and deny the remaining allegations in that paragraph.

17. Defendants deny any advances that would justify reports to Barnes and deny the allegations of paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

## COUNT ONE

### (Violation of Title VII – Hostile Work Environment)

20. No answer is required to paragraph 20 of the complaint.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

## COUNT TWO

### (Violation of Title VII – Retaliation)

24. No answer is required to paragraph 24 of the complaint.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny each and every allegation of the complaint not expressly admitted in this answer

## AFFIRMATIVE DEFENSES

As and for affirmative defenses Defendants allege as follows:

29. The allegations in Plaintiff's complaint fail to state a claim upon which relief may be granted.

30. At no time was Plaintiff ever employed by ICC Surprise.

31. Plaintiff has failed to exhaust her administrative remedies.

32. Plaintiff has failed to comply with all of the prerequisites to jurisdiction in this court.

33. Plaintiff never received a notice of right to sue ICC Surprise.

34. Plaintiff's claims may be the result of conduct or actions on the part of parties over whom Defendants have no control.

WHEREFORE, Defendants pray for dismissal of Plaintiff's complaint with prejudice, for recovery, as applicable, of their attorneys' fees and costs, and for such other and further relief as the court deems just and proper.

Respectfully submitted the 13th day of September, 2011.

        **GUST ROSENFELD P.L.C.**

By: */s/ James G. Speer*
James G. Speer
Attorneys for Defendants
ICC Collision Centers, Inc.; and
ICC Collision Center-Surprise, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

> Peter K. Strojnik, Esq.
> The Strojnik Firm LLC
> 2415 E. Camelback Rd., Suite 700
> Phoenix, AZ 85016
> strojnik@skplaw.com
> *Attorneys for Plaintiff*

By: */s/ Pamela Worth*